IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SOLID GOLD CASINO HOTEL
& RESORT OF TUNICA, INC.,

      Plaintiff,

v.                                                                    No. 02-2863 B

TOD MILES, individually,
JACQUELINE CRISWELL,
individually, TRESSLER,
SODERSTROM, MALONEY & PRIESS,
and MBBG TRUST,

      Defendants.

_____

ORDER GRANTING THE MOTIONS OF DEFENDANTS CRISWELL, TRESSLER,
SODERSTROM, MALONEY & PRIESS AND MILES FOR SUMMARY JUDGMENT
_____

Before the Court are the substantively identical motions of the of the Defendants, Jacqueline

Criswell, Tressler, Soderstrom, Maloney & Priess ("Tressler"), and Tod Miles, for summary

judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  The Rule provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to
> interrogatories, and admissions on file, together with the affidavits, if any, show that
> there is no genuine issue as to any material fact and that the moving party is entitled
> to a judgment as a matter of law.

FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Canderm Pharmacal,

Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988).  In reviewing a motion for

summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  When the

motion is supported by documentary proof such as depositions and affidavits, the nonmoving party

may not rest on his pleadings but, rather, must present some "specific facts showing that there is a

genuine issue for trial." Celotex, 477 U.S. at 324.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  In this circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action." Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)).  Finally, the "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

The background facts of this case were detailed in full in the Court's February 10, 2004 order on the various dispositive motions of the Defendants.  Rather than repeat the entire factual recitation, the Court will provide a summary and only address in detail those facts not previously presented. This action arises from financing transactions for the construction of a casino in Tunica, Mississippi. As issue in the instant motions are the remaining claims of the Plaintiff, Solid Gold Casino Hotel & Resort of Tunica, Inc. ("Solid Gold of Tunica" or the "Tennessee Corporation") against the Defendants for fraud and negligent misrepresentation.  Specifically, Plaintiff contends that the Defendants intentionally or negligently misrepresented the existence of the purported financing

entity MBBG Trust[1] ("MBBG"), as well as the availability of a line of credit for funding transactions related to the casino project.

The Defendants assert as a common defense that the Plaintiff lacks standing to pursue these claims. As discussed in the Court's order of February 10, 2004, there are three similarly named but separate and distinct entities associated with the casino development project at issue in this action. All three entities were incorporated by Robert Carpenter or his wife Patricia A. Shaw Carpenter.[2] (Dep. Robert L. Carpenter (Oct. 14, 2004) ("Carpenter Dep. I") at 39-40.) Plaintiff, Solid Gold of Tunica is a Tennessee corporation organized on July 13, 1998. (Second Amend. Compl. ("Compl.") ¶ 3.) By contrast, Solid Gold Casino Hotel & Resort, Inc. ("Solid Gold of Delaware" or the "Delaware Corporation") is a Delaware corporation organized on July 10, 1996. (Carpenter Dep. I at 50-51.) Finally, the third corporation, Solid Gold Casino Hotel & Resort, Inc. ("Solid Gold of Mississippi") was established under the laws of Mississippi on February 9, 2004. (Carpenter Dep. at 49-50.) Other than Carpenter's statement in a May 2003 Affidavit that Solid Gold of Delaware is a holding company for Solid Gold of Tunica cited by the Court in its order of February 10, 2004, no other explanation for existence of or relationship between these entities has been provided. (Order at 10.)

The Defendants assert that Plaintiff, Solid Gold of Tunica, has no standing in this suit because the financing agreement and all subsequent written communications regarding the casino project financing were between the Defendants and Carpenter, as President of Solid Gold of

---

[1] MBBG Trust is also a named Defendant in this action. However, as MBBG has never appeared and the Plaintiff's claims against the other Defendants are premised on the non-existence of the entity, the Court must assume that the Plaintiff has abandoned any cause of action against MBBG.

[2] Carpenter and his wife, Patricia A. Shaw Carpenter, were initially named plaintiffs in this action, but by later amendment to the complaint, were removed.

Delaware, and solely referenced that entity.  Thus, misrepresentations, if any, were made not to

Plaintiff, but to Solid Gold of Delaware.  "Article III standing requires a litigant to have suffered an

injury-in-fact, fairly traceable to the defendant's allegedly unlawful conduct, and likely to be

redressed by the requested relief." National Rifle Ass'n of America v. Magaw, 132 F.3d 272, 279

(6th Cir. 1997) (citing Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556

(1984)).  To satisfy this requirement, a plaintiff must show that it *personally* suffered an injury as

a result of the illegal conduct complained of by the defendants.  See Stevenson v. J.C. Bradford &

Co. (In re Cannon), 277 F.3d 838, 852 (6th Cir.2002) (citing Gladstone Realtors v. Village of

Bellwood, 441 U.S. 91, 99, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979)).  In the context of an action for

fraud, a plaintiff must prove that the alleged misrepresentation was directed at it.  See Jenkins v.

Koch Corp., No. 1:03CV2453, 2005 WL 1966317, *5 (N.D. Ohio Aug. 15, 2005) (noting that to

satisfy standing in an action for fraud the plaintiff"must show that the fraud was committed against

*him*").

Plaintiff's claims for fraud and negligent misrepresentation against the Defendants arise

solely from representations contained in a July 31, 2002 letter from Criswell, drafted at Miles'

request, to Lou Daleo of Coastal Marine.  (Carpenter Dep. I at 78.)  Criswell, an attorney in the law

firm of Tressler,[3] was retained by Miles[4] to prepare a letter of intent with respect to Solid Gold of

Delaware's purchase of a boat (the Southern Star II) and dinner barge (Metropolis Restaurant Barge)

from Coastal Marine, acting as agent for Harrah's, the owner of the vessels.  (Aff. Jacqueline

---

[3] Defendant Tressler is related to this action solely as the law firm of Defendant Criswell's
employ.  Accordingly, Plaintiff's claims against those two Defendants can be considered jointly.

[4] Because Miles hired and directed Criswell to draft the July 31, 2002 letter to Lou Daleo, Solid
Gold of Tunica attributes any misrepresentations in that letter to Miles.

Criswell ("Criswell Aff.") ¶ 2; Dep. Jacqueline Criswell ("Criswell Dep."), Ex. 1.)  In the letter, Criswell states, relevant to the Plaintiff's claims, that she writes as a legal representative of MBBG, described as an investor in Solid Gold of Delaware, and that a $1,000,000.00 line of credit will be established by Solid Gold of Delaware and issued to MBBG to effectuate the purchase of the vessels. (Criswell Dep., Ex. 1.)  According to the letter, the line of credit was to be effective August 3, 2002 and to remain in effect until August 31, 2002.  (Criswell Dep., Ex. 1.) Plaintiff argues that it relied to its detriment on the allegedly false statements by Criswell regarding the existence of MBBG and the availability of a line of credit.

Plaintiff does not dispute that the letter explicitly references a transaction between Solid Gold of Delaware and Coastal Marine.  However, it, in essence, argues that because Solid Gold of Tunica was the corporation intended to benefit from the funding of the vessel acquisition, and because it was injured as a result of reliance on the existence of MBBG and the line of credit, it has standing in this matter.  The Court finds, however, that this argument is without merit.  Any misrepresentations in the July 31, 2002 letter were directed toward and material to the parties to the underlying vessel acquisition transaction, Coastal Marine and Solid Gold of Delaware.  Because, as indicated by the explicit language of the letter of intent, Solid Gold of Tunica was not a party to that transaction, it does not have standing to assert claims for fraud or negligent misrepresentation arising from statements in the letter.  See Maddux v. Philadelphia Life Ins. Co., 77 F.Supp.2d 1123, 1132 (S.D. Cal. 1999) ("A plaintiff may not generally maintain an action for fraud unless plaintiff was the person to whom the alleged misrepresentations were directed.").  Further, unlike in an action premised on breach of contract, standing may not be conferred to a plaintiff as a third-party beneficiary in a suit for fraud.  See In re Van Quach, 187 B.R. 615, 619 n. 5 (Bankr.N.D.Ill.1995).

Thus, Plaintiff cannot claim that it has standing based on what it contends was the intent of the parties.

In support of its position, Plaintiff argues that despite the clear language referencing the Delaware corporation, the letter, and the misrepresentations therein, were directed to the Tennessee corporation. Solid Gold of Tunica cites the August 8, 2002 corporate minutes of the Tennessee corporation which state,

> "[w]e the Officers, Directors, and Shareholders of Solid Gold Casino Hotel & Resort of Tunica, Inc. agreed to sell Mr. Todd Miles, Attorney and Sr. V.P. of Kirkpatrick Petits of Chicago, Il. A Mutual of Omaha Company, Forty-Percent (400) shares of Stock of Solid Gold Casino and Hotel & Resort of Tunica, Inc. for the sum of Thirty Million ($30,000,000.00) US Dollars for the opening of Solid Gold Casino at Mhoon Landing, Tunica, Mississippi.

(Carpenter Dep. Ex. 15.) Plaintiff also offers evidence that the Tennessee corporation opened a bank account, presumably to receive the funds from Miles or MBBG.[5]  (Carpenter Dep. Ex. 5.)

However, the evidence presented in opposition to the instant motion does not in and of itself constitute an intentional or negligent misrepresentation by the Defendants or demonstrate that any language in the July 31, 2002 letter regarding the vessel acquisition transaction was directed at Solid Gold of Tunica.[6]  The statement of the Officers and Directors of the Plaintiff do not reference the

---

[5] Plaintiff further states, but does not offer evidence to demonstrate, that only the Tennessee corporation possessed stock to sell an equity interest in at the time of the agreement with Miles. However, statements of fact unsupported by evidence in the record, are not sufficient to withstand a motion for summary judgment. American Road Service Co. v. Consolidated Rail Corp., 348 F.3d 565, 569 (6th Cir. 2003) ("Speculation, unsupported by facts in the record, is insufficient to create a genuine issue of material fact and falls short of what is required to survive summary judgment.").

[6] The evidence cited could arguably establish standing by the Plaintiff against Miles on claims arising out of the August 7, 2002 letter from Miles' attorney, Scottie Wilkes, confirming the referenced agreement because the proof offered by the Plaintiff supports an argument that the substance of the letter, while explicitly referencing the Delaware corporation, related to an agreement between Miles and Solid Gold of Tunica. (Criswell Dep. Ex. 2.) However, neither Plaintiff's complaint nor its response to Miles' motion for summary judgment assert that any representations in that 2002 communication constituted fraud or negligent misrepresentation. Accordingly, because Plaintiff limited its claims in the

vessel acquisition transaction or the $1,000,000.00 line of credit at issue in the July 31, 2002 letter.

Nor has Plaintiff produced anything to reflect that the authorization by the Board to create a bank

account on September 4, 2002, after the expected closing date for the acquisition, is evidence that

the July letter was directed at the Tennessee rather than the Delaware corporation.  Because the

allegedly fraudulent statements or negligent misrepresentations by the Defendants in the July 31,

2002 communication were not directed at Solid Gold of Tunica, it lacks standing to pursue these

claims against the Defendants.  Jenkins, 2005 WL 1966317 at *5; Maddux, 77 F.Supp.2d at 1132.

CONCLUSION

For the foregoing reasons, the individual motions of the Defendants for summary judgment

are GRANTED.

IT IS SO ORDERED this 21st day of March, 2006


s/  J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

instant action to those arising from the July 31, 2002 letter, the Court need not address whether it has
standing to pursue those arising from the August 7, 2002 communication.